JOHN D. WOOD (*Admitted Pro Hac Vice*)
THE WOOD LAW FIRM, PLLC
800 Fifth Avenue, Suite 4100
Seattle, WA 98104
Phone: (206) 447-1342
Facsimile: (206) 470-1150
john@woodfirm.com

Attorney for Plaintiff
THERESA MONSEUR KELLY

THEO J. EMISON (SBN 209183)
EMISON HULLVERSON BONAGOFSKY
425 Pacific Avenue
San Francisco, CA 94133
Telephone: (415) 434-2111
Facsimile: (415) 434-2112
temison@ehblaw.com

Attorneys for Plaintiff
THERESA MONSEUR KELLY

THOMAS M. HERLIHY (SBN 83615)
SEAN P. NALTY (SBN 121253)
KELLY, HERLIHY & KLEIN LLP
44 Montgomery Street, Suite 2500
San Francisco, CA 94104-4217
Telephone: (415) 951-0535
Facsimile: (415) 391-7808
nalty@kelher.com and herlihy@kelher.com

Attorneys for Defendants
UNUM LIFE INSURANCE COMPANY
OF AMERICA, UNUMPROVIDENT CORPORATION,
AND MDL HEALTH PLAN,

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| THERESA MONSEUR KELLY,<br><br>      Plaintiff,<br>vs.<br>UNUM LIFE INSURANCE COMPANY OF AMERICA, UNUMPROVIDENT, CORPORATION, and MDL HEALTH PLAN,<br><br>      Defendants. | Case No. C 05-02915-CW<br><br>**STIPULATION AND ORDER OF DISMISSAL AND REMAND THEREON** |

## STIPULATION AND ORDER OF DISMISSAL AND REMAND THERON

The parties stipulate as follows:

This action has been stayed pursuant to the Court's order to allow the defendant to reassess the plaintiff's disability claim. The plaintiff elected to participate in the out-of-court reassessment process. That process has concluded, and the defendants have found in the plaintiff's favor, reversing their previous decision to terminate disability benefits to the plaintiff. The defendants have paid past-due disability benefits and interest to the plaintiff and have reinstated her ongoing disability claim subject to the terms of the applicable plan. As a result of the reassessment, the Court will not need to rule upon the merits of this action or make substantive findings about the plaintiff's disability claim or benefits.

The defendants have paid disability benefits and interest to the plaintiff up through December 22, 2007 (the most recent ongoing disability benefit check covers the period of November 23, 2007 to December 22, 2007). In addition, the parties have reached an agreement regarding the plaintiff's claims for attorney's fees and costs accruing in this action. Accordingly, the plaintiff agrees not to seek to recover from the defendants any additional benefits, interest, attorney's fees, costs, or any other damages that have accrued up through December 22, 2007. In addition, the defendants agree not to seek to recover from the plaintiff any overpayment of benefits or offsets or any other damages, including attorney's fees and costs, that have accrued up through December 22, 2007.

The parties stipulate that the plaintiff's claims only as to benefits and damages that have accrued up through December 22, 2007 should be dismissed with prejudice. However, because the plaintiff's claim has been reinstated on an ongoing basis, the parties stipulate that this dismissal will not apply to or affect the plaintiff's rights to

continue to receive ongoing benefits from December 23, 2007 forward, for as long as she remains eligible subject to the terms of the applicable plan. The parties stipulate that the plaintiff's reinstated disability claim should be remanded to the defendants without prejudice and administered on an ongoing basis (from December 23, 2007 forward) subject to the terms of the applicable plan. The parties stipulate that this dismissal will not waive, prejudice, or bar the plaintiff's right to seek recovery from, or file suit against, the defendants should an issue or dispute arise regarding the plaintiff's entitlement to benefits and damages, or the amount of benefits and damages, accruing from December 23, 2007 forward: The defendants agree that, in the event that an issue or dispute arises, the defendants will not attempt to argue that any such suit by the plaintiff is barred by claim or issue preclusion (including res judicata or collateral estoppel).

The parties also stipulate that all claims by the defendants against the plaintiff, including all claims for overpayment of benefits or offsets or any other damages that have accrued up through December 22, 2007, should be dismissed with prejudice.

So stipulation by the parties:

Dated: January 21, 2007        THE WOOD LAW FIRM, PLLC


                               By    John D. Wood
                                   John D. Wood (Admitted Pro Hac Vice)
                                     Attorney for Plaintiff
                                   THERESA MONSEUR KELLY


Dated: January 21, 2007        EMISON, HULLVERSON, BONAGOFSKY


                               By    Theo J. Emison
                                      Theo J. Emison
                                    Attorneys for Plaintiff

|  |  |
|---|---|
|  | THERESA MONSEUR KELLY |
| Dated: January 21, 2007 | KELLY, HERLIHY & KLEIN, LLP |
|  | By   Thomas M. Herlihy (with permission)
Thomas M. Herlihy
Attorneys for Defendants
UNUM LIFE INSURANCE COMPANY OF AMERICA, UNUM PROVIDENT CORPORATION, and MDL HEALTH PLAN |

## **ORDER**

The Court accepts and adopts the stipulations of the parties as stated above. As a result of the reassessment process, the Court makes no findings or rulings on the merits of the claims and allegations by the parties in this action.

It is ORDERED that the plaintiff's claims only as to benefits and damages that have accrued up through December 22, 2007 are dismissed with prejudice. Based upon the parties' stipulation, the plaintiff shall not be entitled to recover from the defendants any additional benefits, interest, attorney's fees, costs, or any other damages that have accrued up through December 22, 2007. However, because the plaintiff's claim has been reinstated by the defendants on an ongoing basis, this dismissal shall not apply to or affect the plaintiff's rights to continue to receive ongoing benefits from December 23, 2007 forward, for as long as she remains eligible subject to the terms of the applicable plan. This dismissal shall not waive, prejudice, or bar the plaintiff's right to seek recovery from, or file suit against, the defendants regarding the plaintiff's entitlement to benefits and damages, or the amount of benefits and damages, accruing from December 23, 2007 forward, subject to the terms of the applicable plan. The plaintiff's reinstated disability claim is remanded to the defendants without prejudice and shall be

administered on an ongoing basis (from December 23, 2007 forward) subject to the terms of the applicable plan.

It is further ORDERED that all claims by the defendants against the plaintiff, including all claims for overpayment of benefits and offsets and any other damages that have accrued up through December 22, 2007, are dismissed with prejudice.

In addition, as a result of an agreement between the parties regarding the payment of attorney's fees and costs to the plaintiff, it is further ORDERED that the plaintiff shall not seek to recover any additional attorney's fees or costs that have accrued in this action.

It is so ORDERED.

1/23/08

_____
CLAUDIA WILKEN, JUDGE OF THE
UNITED STATES DISTRICT COURT